IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
                                          FILED
CINDY GLASS PEASLEE,              )       JUNE 2, 2008                YM
                                  )       08CV3167
       Plaintiff,                 )       JUDGE DER-YEGHIAYAN
                                  )       MAGISTRATE JUDGE BROWN
vs.                               )       Civil Action No.
                                  )
ILLINOIS STUDENT ASSISTANCE COMMISSION, )
                                  )
       Defendant.                 )
```

## COMPLAINT

### I.  Preliminary Statement

1.  This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended.*

### II.  Jurisdiction and Venue

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.  Parties

3.  Plaintiff, Cindy Glass Peaslee, is an adult individual and citizen of the State of New York.

4.  Defendant, Illinois Student Assistance Commission, is a business entity that regularly conducts business in the State of Illinois, and is a corporation whose principal place of business is located in the State of Illinois.

5.  Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies. Defendant is aware that the credit reporting agencies to whom it is providing this information are

going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

6. The inaccurate information of which Plaintiff complains is an account, or tradeline, that reflects Plaintiff's history of credit with the Defendant. Specifically, the Plaintiff asserts that in June of 2007, the United States Department of Education approved a discharge of Plaintiff's student loan as a result of permanent disability. Despite providing defendant with notice to the contrary, Defendant has disseminated information that the account is accurately reported as "PAYMENT AFTER CHARGE OFF/COLLECTION".

7. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

8. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

9. In January and February of 2008, Plaintiff disputed the inaccurate information with Trans Union, LLC and Equifax Information Services, LLC and Experian Information Solutions, Inc. by written communication to its representatives and by following the aforementioned reporting agency's established procedure for disputing consumer credit information.

10. Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agency, said agency notified Defendant of Plaintiff's dispute and the nature of the dispute.

11. Defendant then and there owed to Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

12. Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

13. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

14. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    c. Decreased credit score which may result in inability to obtain credit on future attempts.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

### IV.   Allegations

### COUNT ONE
### VIOLATIONS OF FCRA v. ILLINOIS STUDENT ASSISTANCE COMMISSION

17.   Plaintiff re-alleges and incorporates paragraphs 1 – 16 as if fully set forth herein.

18.   At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19.   At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

20.   At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

21.   This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a)   willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b)   willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

(c)   willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(d)   willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(e)   willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

4

(f) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

22. This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

### V. Jury Trial Demand

32. Plaintiff demands trial by jury on all issues so triable.

### VI. Prayer For Relief

WHEREFORE, Plaintiff, CINDY GLASS PEASLEE, seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

(e) An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f) An order directing that Defendant send to all persons and entities to whom it has reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g) Such other and further relief as may be necessary, just and proper.

         Respectfully Submitted,
         **CINDY GLASS PEASLEE**


      By:  s/Larry P. Smith
         Attorney for Plaintiff


Larry P. Smith
Larry P. Smith & Associates, Ltd.
205 N. Michigan Ave., 40th Floor
Chicago, IL 60601
Ph. (312) 222-9028
Fax (312) 602-3911
e-mail lsmith@lpsmithlaw.com

6