# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CINDY GLASS PEASLEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 3167 |
| | ) |
| ILLINOIS STUDENT ASSISTANCE COMMISSION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Illinois Student Assistance Commission's ("ISAC") motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Cindy Glass Peaslee ("Peaslee") alleges that in June 2007, the United States Department of Education approved a discharge of Peaslee's student loan due to her permanent disability. Peaslee contends that, despite the discharge, ISAC continued to disseminate credit reports containing inaccurate information indicating

1

that she was still obligated to pay off the student loan and had not done so. Peaslee claims that she disputed the inaccurate information with the credit reporting agencies, and ISAC was notified of the dispute, but ISAC continued to disseminate the inaccurate information. Peaslee brought the instant action and includes in her complaint a claim alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* ISAC moves to dismiss the instant action due to lack of subject matter jurisdiction.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if

the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946. For the purpose of determining subject matter jurisdiction, this court "'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

ISAC argues that this court lacks subject matter jurisdiction to hear the instant action since the claim is brought against a state agency that has not waived its Eleventh Amendment immunity. Under the Eleventh Amendment, a plaintiff is barred from bringing an action "in federal court against a state, [or] state agencies. . . ." *Peirick v. Indiana University-Purdue University Indianapolis Athletics Dept.*, 510 F.3d 681, 695 (7th Cir. 2007). The state or state agency is not protected by Eleventh Amendment immunity: (1) if the state or state agency waives "immunity by

consenting to suit in federal court", or (2) if the plaintiff is bringing suit against a state official "'seeking prospective equitable relief for ongoing violations of federal law,'" or (3) if "Congress . . . abrogate[s] the state's immunity through a valid exercise of its powers. . . ." *Id.* (quoting in part *Ex parte Young,* 209 U.S. 123, 159-60 (1908)).

In the instant action, ISAC asserts and Peaslee does not contest that ISAC is an agency of the state of Illinois and thus is protected by the Eleventh Amendment immunity. (Ans. 3-7). Nor does Peaslee contend that ISAC somehow waived its Eleventh Amendment immunity. As to injunctive relief, Peaslee agrees to "waive and dismiss her claims for injunctive relief." (Ans. 7). Peaslee argues that Congress abrogated the states' immunity in the FCRA. Congress is deemed to have abrogated the states' Eleventh Amendment immunity if: (1) Congress "unequivocally intends to do so," and (2) Congress "act[s] pursuant to a valid grant of constitutional authority.'" *Toeller v. Wisconsin Dept. of Corrections*, 461 F.3d 871, 873 (7th Cir. 2006)(quoting *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)).

I. Unequivocal Intent to Abrogate

Peaslee argues that Congress unequivocally intended to abrogate the states' Eleventh Amendment immunity with the FCRA. Peaslee points out that the FCRA

indicates that a person can be held liable under the FCRA and the term "person" is defined in the FCRA as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a. Peaslee argues that the reference to a "government or governmental subdivision or agency" is an indication that Congress intended to abrogate the states' Eleventh Amendment immunity. While the language concerning the definition of a "person" under the FCRA could be construed as a reference to states and state agencies, it is not clear and cannot be said to be an unequivocal indication that Congress intended such a result. Peaslee has not pointed to any portion of the FCRA which indicates a clear intent by Congress to abrogate the Eleventh Amendment immunity of the states. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996)(stating that courts have found abrogation only where Congress has made "an unmistakably clear statement of its intent to abrogate")(quotations omitted).

Peaslee relies heavily on the holding in *Moore v. U.S. Dept. of Agriculture on Behalf of Farmers Home Admin.*, 55 F.3d 991 (5th Cir. 1995) to support her argument that Congress intended to abrogate the states' Eleventh Amendment immunity in the FCRA. (Ans. 3). However, *Moore* is not controlling precedent. Also, in *Moore* the court was not addressing the FCRA. Rather, the court was

5

addressing language in the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and assessing whether Congress intended to abrogate the states' Eleventh Amendment Immunity in the ECOA. In addition, the court in *Moore* did not consider whether Congress in the ECOA acted pursuant to a valid grant of constitutional authority, and the ruling in *Moore* was before the United States Supreme Court ruling in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996), in which the Court addressed issues concerning Congress' valid grant of its constitutional authority, as explained in further detail below. *Id.* at 55-70. Thus, *Moore* not only is not controlling precedent, but also is not applicable in the instant action and we conclude that Congress did not intend to abrogate the states' Eleventh Amendment immunity in the FCRA.

II. Valid Grant of Constitutional Authority

ISAC also argues that even if Congress had intended to abrogate the states' Eleventh Amendment immunity in the FCRA, Congress did not act pursuant to a valid grant of constitutional authority. In *Seminole*, the Supreme Court held that Congress must act under Section 5 of the Fourteenth Amendment and that it cannot validly abrogate the states' Eleventh Amendment immunity under the Commerce Clause. 517 U.S. at 55-70. Peaslee has not shown that Congress could have

abrogated the states' Eleventh Amendment immunity under the Commerce Clause as it relates to FCRA.  *See Sorrell v. Illinois Student Assistance Com'n*, 314 F.Supp.2d 813, 817 (C.D. Ill. 2004)(indicating that the FCRA was enacted pursuant to the Commerce Clause and Congress lacks a valid constitutional authority to abrogate the states' Eleventh Amendment immunity in the FCRA); *see also Betts v. Commonwealth of Virginia*, 2007 WL 515406, at *3 (E.D. Va. 2007)(stating that "courts have held that because Congress enacted the FCRA pursuant to its Commerce Clause power-instead of its power under section 5 of the Fourteenth Amendment-it lacks the authority to abrogate a State's sovereign immunity through that statute"); *O'Diah v. New York City*, 2002 WL 1941179, at *6 (S.D. N.Y. 2002)(stating that "[b]ecause Congress enacted the FCRA pursuant to its authority under the Commerce Clause, Congress is not empowered to abrogate a state's Eleventh Amendment immunity through the FCRA").  Thus, even if Congress had intended to abrogate the states' Eleventh Amendment immunity in the FCRA, Congress did not act pursuant to a valid grant of constitutional authority.  Therefore, based on the above, we grant ISAC's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant ISAC's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   October 27, 2008